IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DIGIMEDIA TECH, LLC,<br><br>       Plaintiff,<br><br>  v.<br><br>XIAOMI CORPORATION, XIAOMI H.K. LTD., XIAOMI COMMUNICATIONS CO., LTD., AND XIAOMI INC.,<br><br>       Defendant. | CIVIL ACTION<br><br>NO. 2:23-cv-110-RWS-RSP<br><br>**Jury Trial Demanded** |

**PLAINTIFF'S MOTION FOR PARTIAL DEFAULT JUDGMENT AS TO
LIABILITY AGAINST ALL DEFENDANTS**

NOW COMES Plaintiff DigiMedia Tech, LLC and asks the Court to enter a partial default judgment as to liability against Defendants Xiaomi Corporation, Xiaomi H.K. Ltd., Xiaomi Communications Co., Ltd., and Xiaomi Inc. (collectively, the "Xiaomi Defendants"), pursuant to FED. R. CIV. PROC. § 55(b)(2).

**I.      Introduction**

1. On March 13, 2023, Plaintiff filed its Complaint against the Xiaomi Defendants, alleging that they have infringed three patents owned by Plaintiff. *See* Dkt. 1.

2. More specifically, Plaintiff's Complaint alleged that the Xiaomi Defendants have infringed (1) U.S. Patent No. 6,473,532 in connection with Defendants' smartphones that record video using H.264 (Dkt. 1 at ¶ 50), as detailed in the claim chart attached as Exhibit D to the Complaint (Dkt. No. 1-4); (2) U.S. Patent No. 6,606,287 in connection with Defendants' smartphones that provide video recording with H.265/HEVC (Dkt. 1 at ¶ 56), as detailed in the claim chart attached as Exhibit E to the Complaint (Dkt. No. 1-5); and (3) U.S. Patent No. 7,715,476 in connection with Defendants' Xiaomi 12 and similar products, as detailed in the claim

chart attached as Exhibit F to the Complaint (Dkt. No. 1-6).

3. On the same day the Complaint was filed, the Clerk of Court issued a summons to each of the Xiaomi Defendants. *See* Dkt Nos. 4, 4-1, 4-2, 4-3.

4. Plaintiff caused the Summons and Complaint, along with filed Exhibits, to be served upon Defendants on March 15, 2023 (*see* Dkt Nos. 5-8). Plaintiff served the Xiaomi Defendants by serving Xiaomi USA Technology LLC pursuant to Cal. Corp. Code § 2110, which provides that a foreign corporation may be served through "its general manager in [California]." Ex. A, Declaration of Cortney S. Alexander at ¶ 4.

5. Nearly two weeks later, Xiaomi USA Technology LLC's registered agent, Incorporating Services, Ltd., sent Plaintiff's counsel a letter via email on March 28, 2023, purporting to reject service on Xiaomi USA Technology LLC because it is not the registered agent for Xiaomi Corporation, Xiaomi H.K. Ltd., Xiaomi Communications Co., Ltd., or Xiaomi Inc. *Id.* at ¶ 5.

6. Plaintiff's counsel responded the same day (March 28, 2023) noting that Incorporating Services acknowledged that it received the documents served on Xiaomi USA Technology LLC (and that Incorporating Services is the registered agent for Xiaomi USA Technology LLC). Plaintiff's counsel further explained that Plaintiff served Xiaomi USA Technology LLC as the general manager for the Xiaomi Defendants, pursuant to California law. *Id.* at ¶ 6.

7. Incorporating Service did not reply to Plaintiff's counsel's March 28, 2023, email. *Id.* at ¶ 7.

8. Under the Federal Rules of Civil Procedure, Defendants' deadline to answer, move, or otherwise respond to Plaintiff's Complaint was April 5, 2023.

9. The Court did not grant Defendants an extension of time to answer, move or otherwise respond to Plaintiff's Complaint (and Plaintiff has not consented to such an extension).

10. Plaintiff's counsel sent an email to Ran Xu, a Xiaomi executive, on April 19, 2023, regarding Defendants' failure to respond to Plaintiff's Complaint. Mr. Xu responded, indicating that Xiaomi's "litigation team is handling the matter right now," copying ZiAng Zhuang, whom Mr. Xu identified as Xiaomi's "head of litigation." Ex. A, Alexander Decl. at ¶ 10.

11. After Plaintiff's counsel sent Mr. Zhuang two follow-up emails regarding Defendants' failure to respond to the Complaint, Mr. Zhuang responded by identifying himself as "legal director and counsel of Xiaomi." Mr. Zhuang indicated that he was aware of the lawsuit and asserted, among other things, that Defendants had not been properly served. *Id.* at ¶ 11.

12. Plaintiff's counsel responded by email on May 17, 2023, explaining that, as set forth above, Plaintiff served the Xiaomi Defendants pursuant to Cal. Corp. Code Section 2110. Plaintiff's counsel also indicated that DigiMedia would understand that it would need to proceed with seeking a default judgment if the parties could not reach agreement on a deadline for Defendants' response to Plaintiff's Complaint. *Id.* at ¶ 12.

13. Defendants did not respond to Plaintiff's explanation that the Xiaomi Defendants had been properly served pursuant to Cal. Corp. Code Section 2110. Nor did Mr. Zhuang or anyone else from Xiaomi otherwise respond to the May 17, 2023, email from Plaintiff's counsel. *Id.* at ¶ 13.

14. Defendants failed to answer, move or otherwise respond to Plaintiff's Complaint as required by the Federal Rules of Civil Procedure. For that reason, Plaintiff, in accordance with Rule 55(a) of the Federal Rules of Civil Procedure, requested that the Clerk enter an Order of Default against the Xiaomi Defendants on July 12, 2023. *See* Dkt. No. 9.

15. The Clerk entered default against the Xiaomi Defendants on July 12, 2023. *See* Dkt. No. 10.

16. Plaintiff's counsel emailed a copy of the Clerk's Entry of Default to Mr. Zhuang, Xiaomi's legal director and counsel, on July 13, 2023. Neither Mr. Zhuang nor anyone else on behalf of Xiaomi have responded. Ex. A, Alexander Declaration at ¶ 14.

17. Plaintiff now asks the Court to enter a default judgment as to liability against the Xiaomi Defendants. Plaintiff also asks the Court to grant leave to conduct discovery into damages.

## II.     Legal Standard

18. Upon entry of default by the clerk, the Court has the discretion to enter a default judgment against a defendant. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998); *Whirlpool Corp. v. Individuals*, No. 2:21-cv-00433-JRG-RSP, 2022 U.S. Dist. LEXIS 233865, at *1 (E.D. Tex. Nov. 7, 2022). "Once a defendant is in default, the court accepts as true all facts set forth in the complaint aside from those relating to damages." *Eisenhour v. Stafford*, No. 9:12-CV-62, 2013 U.S. Dist. LEXIS 168905, at *6 (E.D. Tex. Oct. 17, 2013) (citing *Frame v. S-H, Inc.*, 967 F.2d 194, 205 (5th Cir. 1992)) (report and recommendation adopted at 2013 U.S. Dist. LEXIS 168422 (Nov. 26, 2013)).

19. For the Court to enter a default judgment, a plaintiff must make a prima facie showing of jurisdiction. *See Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 325 (5th Cir. 2001). There must be a sufficient basis in the pleadings for any relief requested. *See Wooten v. McDonald Transit Associates, Inc.*, 788 F.3d 490, 496 (5th Cir. 2015). The Court should also consider "[r]elevant factors ... [such as] whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside

4

the default on the defendant's motion." *Lindsey*, 161 F.3d at 893.

### III. Motion for Default Judgment Against the Xiaomi Defendants

20. This Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. §§ 1331, 1338, and 1367. *See* Dkt. No. 1 at ¶7. "By failing to answer the complaint, the defendants admit the well-pleaded factual allegations therein and '[are] barred from contesting on appeal the facts thus established.'" *Jones v. Lockhart, Morris & Montgomery, Inc.*, No. 1:11-cv-373-KFG, 2012 WL 1580759, *3, 2012 U.S. Dist. LEXIS 63293, *7 (E.D. Tex. Feb. 2, 2012) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Once in default, all facts in the operative complaint are taken as true. *See Frame*, 967 F.2d at 205.

21. This Court has personal jurisdiction over Defendants at least because they have purposefully and voluntarily placed their products into the stream of commerce with the expectation that they will be purchased and used by customers located in the State of Texas. *See* Dkt. No. 1 at ¶ 7; *see also, e.g.,* Dkt. No. 1-4 at 1 & Dkt. No. 1-5 at 1.

22. Venue is proper as to Defendants because they are each foreign corporations. *See* Dkt. Nos. 2-5, 8.

23. As set forth above, Defendants were properly served with the Complaint via Xiaomi USA Technology LLC pursuant to Cal. Corp. Code Section 2110. *See* Ex. A, Alexander Decl. at ¶¶ 4-7; *see also Cont'l Auto. Sys. v. Avanci, LLC*, No. 3:19-cv-02933-M, 2020 U.S. Dist. LEXIS 265466, at *10 (N.D. Tex. July 5, 2020) (denying motion to dismiss for improper service, finding that Defendant Sharp Corporation (a Japanese company) was properly served in California via its subsidiary Sharp Electronics Corporation (a U.S. corporation) pursuant to Cal. Corp. Code § 2110.

24. Further, as discussed above, Plaintiff has pleaded its claims of patent infringement with sufficient specificity to warrant entry of default judgment. *See, e.g.,* Dkt. No. 1 at ¶¶ 48-64 &

Exs. D-F. By failing to answer the complaint, Defendants have admitted the well-pleaded allegations contained therein. *See Jones*, 2012 WL 1580759, at *3, 2012 U.S. Dist. LEXIS 63293, at *7 (quoting *Nishimatsu Constr.*, 515 F.2d at 1206); *see also United States v. Fincanon*, No. 7:08-CV-61-O, 2009 WL 301988, at *2 (N.D. Tex. Feb. 6, 2009) ("Due to Defendant's non-responsiveness, no material issues of fact have been placed in dispute."). This includes the admission that Defendants infringe the asserted patents. *See, e.g., Whirlpool*, 2022 U.S. Dist. LEXIS 233865, at *4-*5; *Jaguar Imports, LLC v. Phoenix Global Ventures, Inc.*, No. 6:12-cv-1486- Orl-31KRS, 2013 U.S. Dist. LEXIS 92903, at *7 (M.D. Fla. May 30, 2013) (report and recommendation adopted, 2013 U.S. Dist. LEXIS 92902 (July 2, 2013)).

25. The grounds for default judgment against Defendants have been clearly established. There is no evidence that Defendants' default was caused by good faith mistake or excusable neglect and no showing that substantial prejudice or undue harshness would result from a default judgment. *See Lindsey*, 161 F.3d at 893.

26. With respect to any prejudice or harshness, Defendants' failure to appear or answer, move, or otherwise respond to the complaint significantly weighs in favor of entering default judgment, especially given that its legal director acknowledged awareness of the lawsuit. Ex. A, Alexander Decl. at ¶ 11. Defendants' inaction is not the result of excusable neglect or mistake. The prejudice to Plaintiff clearly outweighs any prejudice or harshness of a default judgment. *See Whirlpool*, 2022 U.S. Dist. LEXIS 233865, at *5; *Barnett v. A S & I, LLC,* No. 3:13-cv-2464-BN, 2014 U.S. Dist. LEXIS 169262, 2014 WL 6884010, at *4 (N.D. Tex. Dec. 8, 2014) (no weight given to any harshness of default judgment when defendant had adequate time to respond and failed to do so).

27. The Xiaomi Defendants are corporate entities, and therefore are not an infant, an

incompetent person, or in military service. 50 U.S.C. App. §521(b)(1)(A); FED. R. CIV. P. 55(b)(2).

28.	If the damages claim is indefinite or uncertain, the amount of damages must be proved in a supplemental hearing or proceeding to a reasonable degree of certainty. *See Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818-19 (8th Cir. 2001). Plaintiff therefore requests leave to continue with post-judgment discovery in order to determine damages. *See Tr. of the Local Plumbers & Pipefitters Local Union No. 286 Health & Welfare Fund v. Hobson*, No. 4:16-cv-00911, 2018 U.S. Dist. LEXIS 129973, at *4 (E.D. Tex. Aug. 2, 2018) (discussing adoption of Magistrate Judge's recommendation to grant motion to compel financial information); *Richmond v. SW Closeouts, Inc.*, No. 3:14-cv-4298-K, 2015 U.S. Dist. LEXIS 90442 (N.D. Tex. June 17, 2015)) ("Plaintiff should also be granted leave to conduct post-judgment discovery against [defendants] to determine damages.").

### IV.	Conclusion

29.	For these reasons, Plaintiff asks the Court to enter a default judgment against the Xiaomi Defendants in favor of Plaintiff as to liability and to grant Plaintiff leave to conduct post-judgment discovery regarding damages.

This 28th day of August, 2023.

/s/ *Cortney S. Alexander*
Daniel A. Kent
  dankent@kentrisley.com
  Tel:  (404) 585-4214
  Fax:  (404) 829-2412
Cortney S. Alexander
  cortneyalexander@kentrisley.com
  Tel:  (404) 855-3867
  Fax:  (770) 462-3299
KENT & RISLEY LLC

        5755 N Point Pkwy Ste 57
        Alpharetta, GA 30022

        Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on August 28, 2023, all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3).

/s/ *Cortney S. Alexander*

## CERTIFICATE OF CONFERENCE

Defendants have not appeared in this matter. Therefore, this Motion is being filed as unopposed.

/s/ *Cortney S. Alexander*